UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARQUISE CORTEZ BROWN, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:19 CV 3124 CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Marquise Cortez Brown's Motion to
Vacate, Set Aside, or Correct his Sentence under 28 U.S.C. § 2255. In 2018, a
federal grand jury charged Marquise Cortez Brown with one count of conspiracy to
distribute at least 400 grams of fentanyl in violation of 21 U.S.C. §§ 841(a) and
846, and one count of possession of a firearm in furtherance of a drug trafficking
crime in violation of 18 U.S.C. § 924(c)(1)(A). (Case No. 4:18CR565 ("Criminal
Case") ECF 1.) On January 11, 2019, Brown pleaded guilty to conspiracy to
distribute more than 40 grams of fentanyl in exchange for the Government's
agreement to dismiss Brown's firearm charge. However, Brown agreed that he
possessed a gun during the commission of the offense and that his base offense
level should increase by two under United States Sentencing Guidelines Manual
Section 2D1.1(b)(1). (Criminal Case ECF 308, 739.) I accepted Brown's guilty

plea, and, on April 18, 2019, I sentenced Brown to 70 months imprisonment. (Criminal Case ECF 410.)

Brown now argues that his counsel was ineffective for failing to object to his two-point sentencing enhancement because Brown "has no prior felony counts, was absent for conviction, [was] not charged," and "had no prior 'knowledge' of any restriction from possessing a firearm."  (ECF 6.)[1]  He appears to reason that *Rehaif v. United States*, 139 S. 2191 (2019) requires the Government to prove that he knew that he was prohibited from carrying the firearm.  I will deny Brown's motion because *Rehaif* is inapplicable to his sentencing enhancement.

### Discussion

To state a claim for relief under 28 U.S.C. § 2255, a federal prisoner must show that his sentence

> was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]

Here, Brown claims that his sentence violates the Sixth Amendment because his counsel was ineffective by failing to object to his two-point sentencing enhancement. To prevail on this claim, Brown must show (1) his attorney's performance "fell below an objective standard of reasonableness," and (2) "there is

---

[1] Brown's amended motion is identical to his original motion.  (*See* ECF 6, 1.)

a reasonable probability that, but for counsel's errors, he would not have [pleaded] guilty and would have insisted on going to trial." *Tinajero-Ortiz v. United States*, 635 F.3d 1100, 1103 (8th Cir. 2011) (internal quotations omitted).

Brown cannot make this showing because any objection to his sentencing enhancement would have been meritless.  Brown's reasoning appears to be based on a fundamental misunderstanding of *Rehaif* and Section 2D1.1(b)(1).  In *Rehaif*, the Court held that "*in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2)*, the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200 (emphasis added).  Brown was not convicted under either of these statutes, so *Rehaif* is inapplicable to him.  To the extent that Brown argues that *Rehaif*'s knowledge of status requirement extends to Section 2D1.1(b)(1), his claim fails because that section does not require a prior felony conviction, prohibited status, or knowledge of a prior conviction or prohibited status.  It merely provides that "[i]f a dangerous weapon (including a firearm) was possessed, increase by 2 levels."  U.S. Sent'g Guidelines Manual § 2D1.1(b)(1).  *See also Chambers v. Warden Allenwood FCI*, No. 21-3209, 2022 WL 1421439, at *2 (3d Cir. May 5, 2022), *cert. denied sub nom. Chambers v. Thompson*, 143 S. Ct. 229 (2022) (denying an identical argument on 21 U.S.C. § 2241 motion).

Moreover, Brown specifically agreed that "2 levels should be added pursuant to Section 2D1.1(b)(1), because [he] possessed a firearm in connection with the offense."  (Criminal Case ECF 308 at p. 6.)  At the change of plea hearing, I confirmed with Brown that he understood that two points would be added to his base offense level because he possessed the firearm, even though the Government dismissed his 21 U.S.C. § 924(c) firearm charge.  (Criminal Case ECF 739 at p. 14.)  Thus, any objection to the enhancement from counsel would have contradicted Brown's guilty plea agreement and sworn statements.  *See Fletcher v. United States*, No. 10-05003-CV-SW-DGK, 2010 WL 3526268, at *3 (W.D. Mo. Sept. 3, 2010) ("Failure to make an objection which contradicts the terms of a plea agreement was not deficient performance.").

Because Brown has failed to show that he was prejudiced by his counsel's purported failure, and his claim is otherwise refuted by the record, I will deny Brown's motion.  As Brown has not made a substantial showing of the denial of a federal constitutional right, I will not issue a certificate of appealability.  *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal or otherwise deserving of further proceedings).

Accordingly,

- 4 -

**IT IS HEREBY ORDERED** that Marquise Cortez Brown's Motion to Vacate, Set Aside, or Correct Sentence [1] and Amended Motion to Vacate, Set Aside, or Correct Sentence, [6] are **DENIED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue, as Brown has not made a substantial showing of the denial of a federal constitutional right.

A separate Judgment in accordance with this Memorandum and Order is issued this same date.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 21st day of February, 2023.